**IN THE UNITED STATES DISTRICT COURT**
**OF MARYLAND**

| | |
|---|---|
| MIADA YOUSFI,<br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., and JOHN DOES 1-4<br>Defendants. | Case No. __________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Miada Yousfi ("Plaintiff"), by and through undersigned counsel, brings the following complaint for DMCA Misrepresentation, Declaratory Judgment of Non-Infringement or Misidentification, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Specific Performance and Injunctive Relief, and Tortious Interference against Meta Platforms, Inc. ("Meta") and John Does 1-4 (collectively "Defendants") and states as follows:

## BACKGROUND

1. Plaintiff Miada Yousfi is a content creator and business owner whose livelihood depends on her Facebook and Instagram presence, including published videos, audience relationships, brand reputation, account access, and monetization.
2. Plaintiff personally films, edits, and publishes the videos at issue. The videos are Plaintiff's original works and feature Plaintiff and her husband.
3. John Does 1-4 repeatedly submitted or caused to be submitted takedown notices on Facebook and Instagram falsely claiming that John Does 1-4 owned Plaintiff's original videos.
4. Upon information and belief, John Does 1-4 used fake or impersonation accounts to submit, repeat, or amplify those complaints.
5. As a result of John Does 1-4 false takedown notices, Meta removed Plaintiff's original videos, suspended Plaintiff's Facebook monetization, restricted Plaintiff's Facebook and Instagram

accounts, and suspended or disabled Plaintiff's Facebook account based on the challenged complaints.

6. Plaintiff submitted appeals, proof of identity, proof of authorship, and multiple DMCA counter-notifications explaining that the reported videos were Plaintiff's original content and were removed or disabled because of mistake, misidentification, or false claims.
7. After Plaintiff submitted her appeals and supporting proof, Meta upheld the disablement of Plaintiff's personal account and stated that Plaintiff allegedly infringed third-party intellectual-property rights, had been warned under a repeat-infringer policy, and was no longer permitted to use Facebook.
8. Upon information and belief, Meta's review of Plaintiff's appeals and counter-notifications, and the decision to uphold the disablement of Plaintiff's account, was conducted by automated or artificial-intelligence systems rather than by human review.
9. Plaintiff now seeks to recover damages for the ongoing harm she has suffered as a result of John Does 1-4 false claims of copyright infringement and Meta's failure to deny John Does 1-4 false claims and an injunction prohibiting Defendants John Does 1-4 from continuing to submit false takedown notices and an injunction prohibiting Meta from taking down material submitted by Plaintiff which feature Plaintiff and/or her husband.

**THE PARTIES**

10. Plaintiff Miada Yousfi is an individual residing in Charles County, Maryland, who owned and operated a Facebook account and associated pages, content, advertising relationships, customer communications, goodwill, and business assets on Meta's Facebook and Instagram platforms.
11. Upon information and belief, John Does 1-4 submitted one or more copyright takedown notices to Meta asserting that Plaintiff's Facebook and Instagram content infringed copyrights allegedly owned or controlled by John Does 1-4. Defendants John Does 1-4 are individuals or entities whose true names and identities are presently unknown to Plaintiff. They are named as placeholder defendants so that Plaintiff may issue additional summonses to ascertain their identities through discovery, and Plaintiff will seek leave to amend this Complaint to substitute their true names and capacities when known. Defendants John Does 1-4 are referred to collectively herein as the "John Doe Defendants."

12. Meta is a Delaware corporation that operates Facebook and Instagram and provides online services through which users publish, host, access, and communicate content.

## PARTIES, JURISDICTION, AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Count I arises under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f).
14. The Court has supplemental jurisdiction over Plaintiff's related state-law and equitable claims under 28 U.S.C. § 1367 because those claims arise from the same takedown notices, counter-notifications, account disabling, refusal to reinstate access, and resulting commercial harm.
15. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, Plaintiff suffered harm in this District, and/or Defendants are subject to personal jurisdiction in this District.

## FACTS

16. Plaintiff Miada Yousfi is a content creator and business owner whose livelihood depends on her Facebook and Instagram presence, including published videos, audience relationships, brand reputation, account access, and monetization.
17. Plaintiff's personal Facebook account was associated with the name Miada Yousfi and the email address itsbabymaya2020@gmail.com.
18. Plaintiff's linked Instagram account used the handle mai_yaazi, the name Miada Yousfi, and the email address Miayaaazi@gmail.com.
19. Plaintiff personally films, edits, and publishes the videos at issue. The videos are Plaintiff's original works and feature Plaintiff and her husband.
20. Plaintiff possesses raw, unedited footage, behind-the-scenes videos, and other evidence showing Plaintiff and her husband creating the reported content.
21. None of the reported videos was copied from another creator, and Plaintiff is the original creator and copyright owner of the reported videos. On August 7, 2026, Plaintiff obtained a Certificate of Registration from the United States Copyright Office, Registration No. PA0002598236, for the motion picture titled "I feel like it was him. He basically took all the chicken.," one of Plaintiff's original videos targeted by the false complaints described herein. *See* Exhibit A.

22. Upon information and belief, John Does Defendants repeatedly submitted or caused the submission of copyright and intellectual-property complaints concerning Plaintiff's original Facebook and Instagram videos.
23. Upon information and belief, John Doe Defendants used fake or impersonation accounts to submit, repeat, or amplify those complaints.
24. Upon information and belief, one impersonation account was associated with the email address maiyaazi37@gmail.com and repeatedly claimed ownership of Plaintiff's content. *See* Exhibit E. Upon information and belief, a second such account, using the name "Caroline Bell" and the email address saifakamyanw@gmail.com, submitted at least one additional takedown notice against Plaintiff's original content on July 16, 2026, further reflecting a pattern of shifting or fabricated identities behind the false complaints. *See* Exhibit F.
25. Plaintiff received communications from an individual allegedly responsible for instituting takedown notices, including threats and demands that Plaintiff allow that individual to use Plaintiff's videos.
26. The takedown notices were materially false because the accused videos were Plaintiff's original works, and the John Doe Defendants knew, or should have known, that Plaintiff did not copy them from anyone else.
27. Meta informed Plaintiff that forty-nine intellectual-property claims had been filed against Plaintiff's original content.
28. Meta removed Plaintiff's original videos, suspended Plaintiff's Facebook monetization, restricted Plaintiff's Facebook and Instagram accounts, and suspended or disabled Plaintiff's Facebook account based on the challenged complaints. *See* Exhibit C.
29. Plaintiff submitted appeals, proof of identity, proof of authorship, and multiple DMCA counter-notifications explaining that the reported videos were Plaintiff's original content and were believed to have been removed or disabled because of mistake, misidentification, or false claims. *See* Exhibit D.
30. After Plaintiff submitted her appeals and supporting proof, Meta upheld the disablement of Plaintiff's personal account and stated that Plaintiff allegedly infringed third-party intellectual-property rights, had been warned under a repeat-infringer policy, and was no longer permitted to use Facebook.

31. Upon information and belief, Meta's review of Plaintiff's appeals and counter-notifications, and the decision to uphold the disablement of Plaintiff's account, was conducted by automated or artificial-intelligence systems rather than by human review.
32. Despite Plaintiff's evidence and appeals, Meta did not: restore all wrongfully removed content, reinstate Facebook monetization, restore account access, remove the restrictions placed on Plaintiff's Facebook and Instagram accounts, or prevent continued reliance on false impersonation-based complaints.
33. On August 7, 2026, Plaintiff, through undersigned counsel, sent Meta a written cease-and-desist letter demanding, among other things, that Meta immediately reinstate Plaintiff's Facebook account, restore all removed videos and content, reinstate Plaintiff's monetization privileges, remove the challenged restrictions on Plaintiff's Facebook and Instagram accounts, and confirm compliance in writing by August 9, 2026. *See* Exhibit B.
34. Meta received the cease-and-desist letter but did not reinstate Plaintiff's account, restore her content or monetization, remove the challenged restrictions, or otherwise respond by the requested deadline or at any time thereafter.
35. Plaintiff has suffered and continues to suffer lost business income, lost monetization, loss of account access, loss of audience engagement, reputational harm, loss of brand goodwill, and other damages.
36. All conditions precedent to this action have been performed, have occurred, or have been waived.

**COUNT I: DMCA MISREPRESENTATION**
**(17 U.S.C. § 512(f))**

37. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein.
38. John Doe Defendants knowingly and materially misrepresented to Meta that Plaintiff's original Facebook and Instagram videos infringed copyrights within the meaning of 17 U.S.C. § 512(f).
39. At the time the complaints were submitted, the John Doe Defendants had actual subjective knowledge that the assertions of infringement were false, including because Plaintiff created, filmed, edited, and published the videos herself and because the John Doe Defendants

attempted to pressure Plaintiff into allowing the John Doe Defendants to use Plaintiff's videos.

40. Meta relied on those misrepresentations by removing Plaintiff's original videos, suspending Plaintiff's monetization, restricting Plaintiff's Facebook and Instagram accounts, and suspending or disabling Plaintiff's Facebook account.

41. Plaintiff was injured by the misrepresentations and is entitled to recover damages, costs, and attorneys' fees under 17 U.S.C. § 512(f).

**COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OR MISIDENTIFICATION**

42. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein.

43. A real and substantial controversy exists between Plaintiff and the John Doe Defendants concerning whether Plaintiff's original Facebook and Instagram videos infringe any copyright owned or controlled by the John Doe Defendants.

44. Plaintiff's videos are non-infringing because they are Plaintiff's own original works, filmed and edited by Plaintiff, featuring Plaintiff and her husband, and supported by raw footage, creation-process evidence, and Plaintiff's U.S. Copyright Registration No. PA0002598236 covering at least one of the videos at issue.

45. Declaratory relief is necessary to resolve the controversy, prevent further wrongful takedowns, and support restoration of Plaintiff's Facebook and Instagram accounts and content.

**COUNT III: BREACH OF CONTRACT**

46. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein.

47. Plaintiff and Meta were parties to a contract, including Meta's Terms of Service, Community Standards, intellectual-property policies, and related account-review policies, which obligate Meta to base content-removal, monetization, and account-disablement decisions on legitimate, good-faith determinations of policy violations and to apply Meta's stated appeal, counter-notification, and reinstatement procedures to claims that a takedown report was erroneous or fraudulent.

48. Plaintiff substantially performed all obligations required of Plaintiff under the agreement.

49. Meta breached the agreement by removing Plaintiff's original videos, suspending monetization, suspending Plaintiff's account based on false copyright claims, upholding permanent disablement after Plaintiff's August 2, 2026, appeal and proof of identity, relying on an alleged repeat-infringer rationale despite Plaintiff's multiple counter-notifications, failing to comply with Plaintiff's August 7, 2026, written cease-and-desist demand for reinstatement, and failing to restore access to Plaintiff's Facebook and Instagram accounts and monetization without contractual justification, thereby violating Meta's contractual commitment to base enforcement decisions on legitimate, good-faith determinations and to honor its stated appeal and reinstatement procedures.
50. Plaintiff suffered damages as a direct and proximate result of Meta's breach.

**COUNT IV: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

51. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein. This Count is pled in the alternative to Count III pursuant to Federal Rule of Civil Procedure 8(d)(2).
52. Meta owed Plaintiff a duty to exercise contractual discretion in good faith and not deprive Plaintiff of the benefits of the parties' agreement.
53. Meta breached that duty by accepting and acting on repeated false copyright complaints, failing to respond reasonably to Plaintiff's August 2, 2026, appeal and proof of authorship, disregarding Plaintiff's multiple DMCA counter-notifications, relying on automated or artificial-intelligence systems rather than good-faith human review to evaluate and reject Plaintiff's appeals, failing to respond to or comply with Plaintiff's August 7, 2026, cease-and-desist letter, invoking a repeat-infringer policy despite the videos being Plaintiff's original works, and permanently disabling Plaintiff's account without a good-faith basis.
54. Plaintiff suffered damages as a result.

**COUNT V: SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF**

55. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein.
56. Plaintiff brings this Count for equitable relief as a remedy in support of the breaches alleged in Counts III and IV.

57. Monetary damages alone are inadequate because Plaintiff's Facebook and Instagram accounts contain unique original videos, followers, communications, monetization history, brand goodwill, audience relationships, and business income streams that cannot be fully replaced.
58. Plaintiff is entitled to an order requiring Meta to reinstate Plaintiff's Facebook account, restore removed videos, restore monetization, remove the challenged copyright and intellectual-property restrictions from Plaintiff's Facebook and Instagram accounts, withdraw or reverse the alleged repeat-infringer determination, preserve and provide account data, and cease relying on the challenged false complaints to restrict Plaintiff's accounts.
59. Plaintiff is also entitled to an order prohibiting Meta from taking down any other content from Plaintiff's Facebook or Instagram account that features videos of Plaintiff and/or her husband.

**COUNT VI: TORTIOUS INTERFERENCE**

60. Plaintiff reasserts and realleges the allegations set forth in each prior Paragraph as though fully set forth herein.
61. Plaintiff had valid business relationships, contractual relationships, and prospective economic relationships with viewers, followers, advertisers, customers, vendors, and users who interacted with Plaintiff through Facebook and Instagram.
62. The John Doe Defendants knew of those relationships and intentionally submitted false copyright complaints calculated to disrupt Plaintiff's Facebook and Instagram accounts, content access, customer relationships, and business operations.
63. The John Doe Defendants acted without justification and with the unlawful purpose of causing Plaintiff's account closure, marketplace exclusion, reputational injury, and loss of business opportunities.
64. Plaintiff suffered actual damages as a direct and proximate result of the interference.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Award damages recoverable under 17 U.S.C. § 512(f), including lost income, lost monetization, costs, and attorneys' fees;

B. Declare that Plaintiff's videos are non-infringing original works, that the takedown notices were based on mistake, misidentification, or false claims, that the restrictions placed on Plaintiff's Facebook and Instagram accounts were based on false or impersonation-based complaints, and that the repeat-infringer determination was based on false complaints;

C. Order Meta to restore Plaintiff's suspended or deleted Facebook account, restore removed videos, reinstate Plaintiff's Facebook monetization privileges, restore eligibility for all monetization features previously available to Plaintiff, remove all copyright and intellectual-property restrictions placed on Plaintiff's Facebook and Instagram accounts as a result of the challenged complaints, withdraw or reverse the alleged repeat-infringer determination, preserve and provide account data, and cease relying on the challenged false complaints to restrict Plaintiff's accounts;

D. Enjoin Defendants, and any persons acting in concert with them, from submitting, maintaining, or relying on false copyright or intellectual-property complaints, including impersonation-account complaints, to restrict Plaintiff's Facebook or Instagram accounts;

E. Award compensatory, consequential, nominal, statutory, and equitable relief for lost business income, lost monetization, reputational harm, loss of brand goodwill, and other damages as permitted by law;

F. Award prejudgment and post-judgment interest;

G. Award attorneys' fees and costs where permitted by statute, contract, or law; and

H. Grant such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: 9/14/2026.

Respectfully submitted,

By: */s/ Kasim Hussain*
Kasim Hussain (#32258)
Steven War (*pro hac vice* forthcoming)
**War IP Law PLLC**
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
Tel: (202) 800-3750
Fax: (202) 318-1490
kasim@wariplaw.com
steve@wariplaw.com
**ATTORNEYS FOR PLAINTIFF**